## Sullivan v. Mercantile Town Mut. Ins. Co.

### No. 666. Ind. T.   Opinion Filed March 12, 1908.

### (94 Pac. 676.)

1.  **INSURANCE—Forfeiture—Waiver—Knowledge of Agent—Courts —Controlling Decision.** In an action arising on an insurance policy issued in the Indian Territory and pending in the United States Court of Appeals of the Indian Territory at the time of the admission of the state into the Union, an insurance company cannot be deemed to have waived a condition in a policy of fire insurance to the effect that the entire policy and each and every part thereof shall be void if the. subject of insurance be personal property and be or become incumbered by a chattel mortgage, because the agent who countersigned and delivered said policy had notice or knowledge at that time of the existence of a mortgage on the property, where such policy provides that no officer, agent, or other representative of the company shall have power to waive any provision or condition of the policy, except such as by the terms of the policy may be the subject of agreement indorsed thereon or added thereto, and as to such provisions or conditions no officer, agent, or representative shall have power or be deemed or held to have waived such provision or condition unless such waiver, if any, be written upon or attached thereto.

2.  **SAME—Collection of Premiums after Loss—Statements of Adjuster.** Where an insurance policy contains the provision aforesaid, an insurance company issuing the same cannot be deemed to have waived a condition in said policy rendering it void in case the subject of insurance be personal property and be or become incumbered by mortgage, because the agent who countersigned and delivered said policy, with notice of the existence of a mortgage upon a portion of said property, collected a portion of the premium thereon after the property covered by said policy had been destroyed by fire, or because an adjuster of such company, with knowledge of the existence of such mortgage, stated to the insured that the claim would be adjusted.

3.  **SAME—Ambiguous Stipulation—Construction Favoring Insured.** Under a stipulation that the entire policy and each and every part thereof shall become void if the subject of insurance be personalty, and be or become incumbered, a forfeiture cannot be claimed because one item of personal property insured by said policy, separately set out, and separately valued therein,

was incumbered by mortgage, where the subject of insurance was partly real and partly personal property.

(Syllabus by the Court.)

*Error from United States Court for the Southern District of the Indian Territory; before Hosea Townsend, Judge.*

Action by C. F. Sullivan against the Mercantile Town Mutual Insurance Company: Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Cruce, Cruce & Bleakmore,* for appellant.
*Barclay & Fauntleroy* and *E. A. Walker,* for appellee.

HAYES, J. This is an action brought by C. F. Sullivan, appellant, who for convenience will hereinafter be called plaintiff, against the Mercantile Town Mutual Insurance Company, who for convenience will hereinafter be called defendant, upon a policy of fire insurance executed by the defendant on the 2d day of November, 1903, for a consideration and premium in the sum of $25.20, by which policy the defendant undertook to insure the plaintiff's one-story plank-roof boxed shed used for storage, size 24x30, in the sum of $150, and his one J. L. Case threshing machine in the sum of $500, and his one Advance threshing machine in the sum of $250. On the 20th day of November, 1903, all of said property insured by said policy was destroyed by fire.

Defendant filed its answer to the plaintiff's amended complaint, and attached as an exhibit thereto a copy of the policy issued by it to the plaintiff. One of the conditions of said policy is:

"This entire policy, and each and every part thereof, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the insured now has or hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy, * * * or if the hazard be increased by any means within the control or knowledge of the insured, * * * or if the interest of the insured be other than unconditional and sole ownership, or if the sub-

ject of insurance be a building on ground not owned by the insured in fee simple, or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage.     *     *     *  "

And said policy contains this further stipulation:

"This policy is made and accepted, subject to the foregoing stipulations and conditions together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power to be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall·be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Defendant alleges in its answer that plaintiff, before the 20th' day of November, 1903, to wit, on the 2d day of November, 1903, made, executed, and delivered to the City National Bank of Ardmore a chattel mortgage to secure the payment of $300 upon a portion of the property which is mentioned in and covered by said contract and policy of insurance; that said chattel mortgage continued to be a mortgage, lien, and incumbrance upon said property up to and at the time of said fire.; and that by reason of said facts said policy at the time of said fire was void. Evidence was introduced by plaintiff in support of his cause of action, and the defendant moved the court to instruct the jury to return a verdict in favor of the defendant, which motion was by the court sustained.

The plaintiff thereupon took the case by writ of error to the United States Court of Appeals of the Indian Territory. Plaintiff makes the following assignments of error:

"First. The court erred in charging the jury to return a verdict for the defendant,' and refusing to submit the question of facts, as raised by the testimony, to the jury. Second. Because

of the error of the court in holding that the mortgage given upon the J. I. Case threshing machine invalidated the insurance upon the building and the Advance threshing machine, neither of which was under mortgage, and both of which items were insured separate and distinct from the J. I. Case machine. Third. Because of the error of the court in holding that the defendant company had not waived the provisions of said policy in accepting and retaining the premium upon the policy after it was apprised of the mortgage that existed upon the J. I. Case threshing machine. Fourth. Because the court erred in refusing to allow the witness Sullivan to answer the question as to whether or not the agent who wrote the policy and the defendant company knew at the time said policy was written and delivered that said J. I. Case threshing machine was under mortgage, which said questions were as follows: 'Q. Do you know whether the agent knew at the time? Mr. Walker: Objected to. (Objection sustained.) Q. Do you know whether or not defendant company, knew at the time said policy was written, that the property was mortgaged? Mr. Walker: Objected to. (Objection sustained.)' Fifth. Because the court erred in refusing to allow the witness Sullivan to testify as to what he told the agent of the company and the adjuster sent there to adjust the loss as to the mortgage upon this property and the lien existing thereon, and refused to let said witness testify after the adjuster of said mortgage had adjusted the loss, promised to pay same, and delivered the premium from said policy. Sixth. Because the court erred in refusing to let the witness Sullivan testify as to whether or not he paid the premium upon said policy after the loss upon the faith and representation of the adjuster that said loss would be paid, and in holding that said testimony was immaterial, and in holding that the only way the company could waive the forfeiture of said policy was by indorsing the same upon the policy in writing, and that, too, notwithstanding the waiver set up and relied upon, if made at all, was made after the loss had occurred. Seventh. Because of the error of the court in holding and so stating in the presence of the jury that the testimony of J. W. Kemp, the agent of the company, did not prove anything that was material or immaterial, and holding that it did not have anything to do with any waiver of any conditions of the policy."

By express terms of the policy it is provided that no officer, agent, or other representative of the company shall have

power to waive any provision or condition of the policy except such as by the terms of the policy may be the subject of agreement indorsed thereon or added thereto, and that as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached thereto. The effect of this provision in fire insurance policies has been repeatedly passed upon by the courts., Many of the courts have held that as to such restrictions upon the power of the agent to waive any condition unless done in a particular manner, inserted in the contract, cannot be deemed to apply to those conditions which relate to the inception of the contract, where it appears that the agent has delivered the policy and received the premium, with full knowledge of the actual situation. *Wood v. American Fire Insurance Co. of Philadelphia,* 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; *Continental Fire Ins. Co. v. Brook,* 131 Ala. 614, 30 South. 876; *Phoenix Ins. Co. v. Flemming,* 65 Ark. 54, 44 S. W. 464, 39 L. R. A. 789, 67 Am. St. Rep. 900; *Robbins v. Springfield Fire & Marine Ins. Co.,* 149 N. Y. 477, 44 N. E. 159.

A different rule, however, was announced by the Supreme Court of the United States in the case of *Northern Assurance Company v. Grand View Building Association,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213. The court in that case held that such condition in the policy could not be waived by any officer or agent of the company except in the manner provided in the policy, and that knowledge of the existence of the forfeiture of said policy by reason of the violation of any condition thereof on the part of the agent of the insurance company at the time he delivered the policy and received the premium did not operate as a waiver of the conditions of said policy, or estop the company from setting up such forfeiture as a defense against an action upon the policy; and further held that oral testimony was not admissible to show knowledge of the agent of the company of such facts existing in violation of the conditions of said policy at

the time of the execution and delivery of the same. This rule laid down by the Supreme Court of the United States in *Northern Assurance Co. v. Grand View Building Association, supra,* was a controlling decision upon the trial court in the case at bar; and, while we do not wish to be understood as saying that it is our opinion that the doctrine announced in that case is in harmony with the weight of authorities upon this question, or that it is supported by the better reasoning, yet on account of the fact that the rule announced in said case was the law controlling the courts in the Indian Territory at the time of the trial of the case at bar we are constrained to follow in this case the rule announced therein, and hold that the trial court did not err in refusing to permit the introduction of oral testimony to show the knowledge of the agent of the company of the existence of said mortgage at the time of the execution and delivery of the policy, and that said court did not err in holding that the forfeiture of said policy, if any had occurred, was not waived, and that the defendant company was not estopped from pleading the same as a defense by reason of the fact that the agent of the company who countersigned and delivered said policy had knowledge at the time of the existence of said mortgage. In applying the rule of law adopted by the Supreme Court of the United States in said case to the case at bar, and in following the same, we do not wish to be understood as laying down a rule by which this court shall be governed in the future in passing upon this same question arising in cases originating since the admission of the state of Oklahoma into the Union.

Plaintiff's attorneys offered to prove by plaintiff that after the property insured by the policy had been destroyed by fire the agent who countersigned and delivered the policy to plaintiff and an adjuster sent by the company to adjust the loss visited the plaintiff, and that the agent of said company at that time, after having knowledge of the existence of said mortgage, collected a portion of the premium on said policy, and that the adjuster, with knowledge of the existence of said mortgage, told the plaintiff that

the loss would be adjusted, and that therefore the company waived the condition of said policy that the same should be void if the subject of insurance be personal property and be or become incumbered by mortgage. Defendant objected to the introduction of this testimony, and the objection was sustained by the court, and this action of the court is assigned as error in plaintiff's fifth and sixth assignments of error. Where the power of the agents or officers of a company is limited by the terms and provisions of the policy, and these limitations are brought to the knowledge of the insured, the courts have generally held that such limitations on the power of agents with respect to waivers of conditions of the policy made subsequent to the execution and delivery of the policy are valid. *Northern Assurance Co. v. Grand View Building Association, supra; Lippman v. Aetna Ins. Co.*, 108 Ga. 391, 33 S. E. 897, 75 Am. St. Rep. 62; *O'Leary v. Merchants' & Bankers' Mutual Ins. Co.*, 100 Iowa, 173, 66 N. W. 175, 69 N. W. 420, 62 Am. St. Rep. 555; *Cleaver v. Traders' Ins. Co.*, 65 Mich. 527, 32 N. W. 660, 8 Am. St. Rep. 908; *Cook v. Standard Life & Accident Ins. Co.*, 84 Mich. 12, 47 N. W. 568; *Jander v. Mutual Life Ins. Co.*, 16 Ohio Cir. Ct. Rep. 536.

In this policy it will be borne in mind that the power of agents or officers or other representatives of the company to waive any provision or condition of the policy is limited by the terms of the policy to the waiving of only such provisions and conditions of the policy as by the terms of the policy may be subject of agreement indorsed thereon, and that said agents and officers of the company are limited in making such waivers to making them only in the manner that is specified in the policy, which is by written indorsement upon the policy, or in writing attached thereto. Plaintiff accepted this policy containing these terms and conditions, and by doing so he became bound by them under the law applicable to his rights thereunder; and, while a great many of the state courts have held that such a restriction in the policy upon the power of the agent has no reference to conditions in a policy avoiding it at its inception, the decided weight of authority

is that such limitations upon the power of agents with respect to, waivers are valid and binding on the insured as to actions of the agent subsequent to the inception of the contract, and that the insured cannot rely on a waiver by an agent when such authority is expressly withheld from such agent, or when the policy requires waivers by agents to be indorsed on the policy in writing if such waivers in the latter case are not made in writing upon the policy. *Meigs v. London Assurance Co.* (C. C.) 126 Fed. 781; *German Ins. Co. v. Heiduk,* 30 Neb. 288, 46 N. W. 481, 27 Am. St. Rep. 402; *Walsh v. Hartford Fire Ins. Co.,* 73 N. Y. 5; *Carey v. German American Ins. Co.,* 84 Wis. 80, 54 N. W. 18, 20 L. R. A. 267, 36 Am. St. Rep. 907; *Northwestern National Ins. Co. v. Mize* (Tex. Civ. App.) 34 S. W. 670.

It does not become necessary for us to pass upon the question whether the officers of the defendant company under the clause in this policy providing the manner in which waivers should be made could make a waiver other than as therein provided; but under the authorities here quoted the agent who countersigned the policy in question and delivered same and the adjuster sent to adjust the loss could not, prior to the settlement of said loss ratified by the company, waive any condition of said policy other than in the manner prescribed by said policy.

We are now brought to the consideration of the question presented by the second assignment of error, to wit: Do the facts in this case bring this case within the clause under which the defendant claims plaintiff has forfeited his right under the policy? The policy of insurance executed by defendant to plaintiff insured plaintiff against direct loss or damage by fire to an amount not to exceed $900 on the following described property: $150 on one one-story plank-roof boxed shed used for storage; $500 on one J. I. Case threshing machine and attachments; $250 on one Advance threshing machine. It it not controverted that on November 2, 1903, the plaintiff executed to the City National Bank of Ardmore a mortgage to secure the payment of a note for $300 on the J. I. Case threshing machine described in said

policy of insurance. There is no contention, however, that any of the other property insured by said policy was included in said mortgage, or that any of the conditions of said policy as to the remainder of said property had been violated.

Plaintiff contends that the court erred in holding that the mortgage on the one item of said property covered by said policy rendered said policy void as to all the items of property covered by same, and further contends that the policy in controversy is a divisible contract, and that, if it is void as to the J. I. Case threshing machine on which the mortgage was given, it is valid as to the other items of property insured under the policy. On the other hand it is the contention of defendant that this policy is an entire contract, and, if void in any of its parts, it is void in all of its parts, and that said policy is void for the reason that a portion of the property insured thereby had become mortgaged prior to the destruction of same by fire without the written consent of the defendant company to such mortgage indorsed in writing upon the policy.

We shall not enter into any lengthy discussion of the rules that have governed courts in determining whether a policy of insurance that covers different classes of property, such as realty or personalty, or different items or different articles of personal property, and the different classes or kinds of articles are separately valued therein or insured for separate amounts, is an entire contract or a divisible contract. There is much division among the authorities on this question. Defendant insists that this policy is an entire contract and indivisible, for the reason that only one premium was specified in the policy. We think that the policy in controversy is an entire and indivisible contract, but not for the reason that the consideration of said policy was one premium. We are aware of the fact that some of the courts have held that, where a gross sum is paid as the premium for insurance against fire, this fact is a controlling circumstance, and renders the policy an entire indivisible contract, although the amount for which the policy is issued is proportioned to distinct items. But

this rule in our opinion is supported neither by the weight of authorities nor by the better reasoning. The policy involved in this action, however, contains language which, in our opinion, independent of any other reason, determines it to be an indivisible contract. After omitting the phrases that have no bearing upon this case, the policy contains the following language:

"This entire policy, and each and every part thereof, unless otherwise provided by agreement indorsed hereon or added hereto, shall ve void, * * * if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage."

The courts have by no means been uniform in their holding as to the effect of a clause used in the more recent forms of policies of insurance to the effect that upon breach of a warranty or condition of the policy "this entire policy shall be void." In the following cases it was held that the effect of such a clause, although there was a separate valuation of the items of property insured in the policy, rendered the contract indivisible: *Germania Fire Ins. Co. v. Schild*, 69 Ohio St. 136, 68 N. E. 706, 100 Am. St. Rep. 663; *Home Ins. Co. v. Connely*, 104 Tenn. 93, 56 S. W. 828; *German Ins. Co. v. Reed*, 9 Ky. Law Rep. 929; *Dumas v. Northwestern National Ins. Co.*, 12 App. D. C. 245, 40 L. R. A. 358; *Agricultural Ins. Co. v. Hamilton*, 82 Md. 88, 33 Atl. 429, 30 L. R. A. 633, 51 Am. St. Rep. 457; *McWilliams v. Cascade Fire & Marine Ins. Co.*, 7 Wash. 48, 34 Pac. 140. On the other hand, some courts have held that such a clause does not render a policy indivisible when separate classes of property insured by the policy are separately valued. *Knowles v. American Ins. Co.*, 66 Hun. 220, 21 N. Y. Supp. 50; *Mott v. Citizen's Ins. Co.*, 69 Hun. 501, 23 N. Y. Supp. 400; *Kiernan v. Dutchess County Mutual Ins. Co.*, 150 N. Y. 190, 44 N. E. 698; *Adler v. Germania Fire Ins. Co.* (Sup.) 39 N. Y. Supp. 1070; *Fireman's Fund Ins. Co. v. Barker*, 6 Colo. App. 535, 41 Pac. 513; *Kansas Farmers' Fire Ins. Co. v. Saindon*, 53 Kan. 623, 36 Pac. 983.

In *Miller v. Delaware Ins. Co.*, 14 Okla. 81, 75 Pac. 1121, 65 L. R. A. 173, the court held that, notwithstanding the policy

of insurance contained the clause "this entire policy shall become null and void," the contract is a divisible contract when the insurance policy is issued on different classes of property, each class being separated from the other and insured for a specific amount, and the breach of the conditions of the contract occurring only as to one class of the property insured, provided the contract is not affected by any question of fraud, unlawful acts condemned by public policy, or any increase in the risk of the company on the whole property insured, because of the breach; but the rules laid down in this case and the other cases, *supra*, and the reasoning of the courts therein, can be of but little assistance to the court in the case at bar, for the reason that the clause used in the policy in the case at bar contains, in addition to the usual words contained in the policies in the cases, *supra*, the following words, "and each and every part thereof." The language in those policies which, it is contended, renders them entire contracts, and indivisible in nearly every instance, reads, "This entire policy shall become void," whereas in the policy involved in this action the clause reads: "This entire policy and each and every part thereof shall become void."

Mr. Justice Harlan, in the case of *Royal Ins. Co. v. Martin,* 192 U. S. 165, 24 Sup. Ct. 247, 48 L. Ed. 385, in speaking of the rules governing the construction of any insurance policy, says: "Of course in every case the fundamental inquiry must be as to the intention of the parties to be gathered from the words of the policy; always, however, interpreting the policy most favorably for the insured, where it is reasonably susceptible of two constructions." But the addition of the words "and each and every part thereof" in this policy to the words "this entire policy" renders the meaning of said phrase susceptible of but one construction. When the meaning of the language of a policy or of any other contract is plain, clear, and unmistakable, no construction of such language is necessary; but the words used therein should be given the evident meaning with which they were used. The unquestioned meaning and effect of the words "each and every part thereof" in

the policy in controversy is to render the policy an indivisible contract; and, if any part of same shall become void, then each and every part thereof shall be void.

It remains for us to consider whether the facts in this case present such a breach of warranty or condition as to bring defendant's claim of forfeiture within the clause of the contract under which he claims a forfeiture. The condition of this policy charged by defendant to have been violated by the plaintiff is:

"This entire policy, and each and every part thereof, shall be void, * * * if the subject of insurance be personal property, and be or become incumbered by chattel mortgage."

It is admitted that the item designated as J. I. Case threshing machine insured and separately valued in the policy was incumbered by plaintiff on the day the policy of insurance was issued by the defendant. Did the mortgaging of said item of property bring the case within the clause under which defendant claims a forfeiture? To answer this question it is necessary for us to ascertain the meaning of the clause, "if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." Plaintiff insists that the entire subject of insurance must be personal property, and all of the same must be or become incumbered by a chattel mortgage in order to bring the facts of the case within the forfeiture clause. On the other hand, defendant contends that, if any part of the subject of insurance be personal property and be or become incumbered, the entire policy becomes void. What is the subject of insurance in the policy in the case at bar? It is not the J. I. Case threshing machine alone, nor is it the Advance threshing machine, nor is it the one-story box shed, but the subject of insurance in this policy is composed of all these items of property, of the real estate item, and of the two items of personal property. To bring the facts of this case within this clause of forfeiture, we should necessarily have to construe this clause to read, "If the subject of insurance or any part thereof be personal property, and if the same or any part thereof be or become incumbered by a chattel mortgage"; but this clause is

just as susceptible of the construction, and there is as much reason to construe it to read, "If the entire subject of insurance be personal property, and if the entire property insured be or become incumbered," as there is to give it the former construction. The language used in the policy is the language of the insurer, the defendant, and, if it is susceptible of two constructions, that construction should be given to it which is favorable to the plaintiff.

"When a clause in a contract is capable of two constructions, one of which will support, and the other defeat, the principal obligation, the former will be preferred. Forfeitures are not favored, and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses or words contained in his own contract, to deprive the other party of the benefit of the right or indemnity for which he contracted." (*Baley v. Homestead Fire Ins. Co.*, 80 N. Y. 23, 36 Am. Rep. 570.)

Defendant, in preparing this clause of forfeiture, has left nothing to be construed as to whether the policy should be considered as an entire contract or a divisible contract, but with precise language says the entire policy, and *each* and *every* part thereof, shall become void. Again, in the next clause following the clause under discussion the following language is used: "Or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." In this latter clause the insurer has put beyond question the meaning of its language by saying that if notice be given of sale of any of the property. If such specific language had been used in the clause under consideration, and under which defendant claims its forfeiture, no doubt of the meaning of the same could arise. and since the contract is the language of the defendant, and it has selected the words in which to express the terms and conditions upon which the forfeiture could be enforced, it must abide the effect of such language subject to be construed under the established rules of construction. The policy in controversy covered three items of property—one item of real estate, and two items of personal property. The subject of insurance in this policy was

not personal property, but was both personal property and real estate, and the subject of insurance in this policy did not become incumbered, but only a part of the same became incumbered. Therefore the mortgage given by defendant on the J. I. Case threshing machine does not work a forfeiture of said policy. *Bills v. Hibernia Ins. Co.*, 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; *North British Merc. Ins. Co. v. Freeman* (Tex. Civ. App.) 33 S. W. 1091; *Georgia Home Ins. Co. v. Brady* (Tex. Civ. App.) 41 S. W. 513; *Hartford Fire Ins. Co. v. Walker* (Tex. Civ. App.) 60 S. W. 820.

The action of the trial court in holding that the plaintiff forfeited said policy of insurance and all of his rights thereunder by reason of the execution and delivery of the mortgage on the J. I. Case threshing machine, and in instructing the jury to return a verdict for the defendant, was error, and because of such error this cause is reversed and remanded.

Dunn and Kane, JJ., concur; Williams, C. J., and Turner, J., concur in conclusion reached.