### Niagara Fire Insurance Company v. Skaggs.

(Decided November 12, 1926.)

#### Appeal from Laurel Circuit Court.

Appeal and Error.—Appeal will be dismissed as respects part of verdict on which no judgment was entered

H. C. CLAY for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and dismissing in part.

The Niagara Fire Insurance Company has appealed from a judgment recovered against it by W. C. Skaggs, whom we will refer to as the plaintiff. These parties have briefed and practiced this case as though the plaintiff had recovered a judgment against the Niagara Fire

Insurance Company for $4,700.00; but here is what the record shows:

> "The jury returned a verdict as follows: 'We, the jury, find for the plaintiff, W. C. Skaggs, in the case of W. C. Skaggs against Niagara Fire Insurance Company, the sum of $4,000.00, with interest at the rate of six per cent per annum from the 17th of July, 1922, until paid, and the further sum of $700.00, with interest at six per cent from the 17th day of July, 1922, until paid. Alfred Peters, foreman.'
>
> "It is therefore adjudged by the court that the plaintiff, W. C. Skaggs, recover of the defendant, Niagara Fire Insurance Company, the sum of $4,000.00, with interest thereon at the rate of six per cent per annum from the 17th day of July, 1922, until paid. It is further adjudged that said plaintiff recover all his costs herein expended, to which the defendant excepts."

This $4,000.00 represents $2,000.00 insurance upon a building, and $2,000.00 insurance upon a stock of undertaker's goods therein, both of which were destroyed by fire. This is the same building, the same stock of goods, and the same fire set out in the case of Ohio Valley Fire and Marine Insurance Company v. Skaggs, this day decided. The evidence was the same, the clauses in the policies were identical, the pleadings made the same issues, and the judgment is reversed and a new trial awarded for the reasons stated in that opinion.

The $700.00 appearing in the verdict represents the insurance upon an automobile, but as no judgment has been entered on that verdict, this appeal, in so far as the $700.00 is concerned, is dismissed