WIECZOREK, Respondent, v. ROCHESTER AMERICAN INS. CO., Appellant.

(252 N. W. 639.)

(File No. 7215. Opinion filed February 1, 1934.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Fellows, Fellows & Whiting,* of Mitchell, for Respondent.

ROBERTS, P. J.   The defendant appeals from the judgment of the circuit court of Davison county in favor of the plaintiff in an action on a hail insurance policy issued to him by the defendant company and from an order overruling motion for new trial.

The application, which by the terms of the policy is made a part thereof, refers to crops growing on separate tracts of land. The insured's interest, acreage, kind of crop, legal description, insurance per acre, total amount of insurance, and premium with respect to each field are separately stated.   The total premium included in the policy is the aggregate of the premiums on the separate tracts.   The policy contains, among other provisions, the following:   "This entire policy shall be void if the insured has con-

cealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof; or if the interest of the insured in the crops covered hereunder be not truly stated herein. * * * This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured in the crop or percentage of the crop insured hereunder be other than unconditional and sole ownership."

There was a waiver by the plaintiff at the time of the trial of any claim arising from loss by hail to a twenty-acre field of barley. The plaintiff had a two-fifths interest in this field of grain, and, though it was conceded that by a breach of warranty as to the title of the crop there could be no recovery for loss or damage to this field, the trial court instructed the jury on the theory that the policy was not avoided as to the other fields of grain.

The contention of the defendant that the entire policy was avoided presents the question as to whether the contract of insurance was divisible. If a policy stipulates that the insured must have a specified interest in or title to the property insured, the entire policy is void if the contract is not divisible and the condition is breached as to a part of the property. On the other hand, if the contract is regarded as divisible, such a breach only avoids the insurance as to the separate property to which the breach relates. An examination of the authorities indicates a conflict of holdings.

"There may be said to be three distinct rules on this question, each having the support of respectable authority. One rule, which has considerable support, is that where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire. The courts of a number of other states have laid down the rule that where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire. There is still another line of cases which take a middle ground between the extreme doctrines above stated, and hold that the question of the severability of the contract in such cases depends upon the nature of the risk—i. e., that where the property is so situated

that the risk on one item cannot be affected without affecting the risk of the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the others, the policy must be regarded as severable." 14 R. C. L. pp. 940, 941.

See, also, annotations, 5 A. L. R. 811, 47 A. L. R. 650.

Where the property is so situated that the risk on each item is separate and distinct from the others, clearly the more just and reasonable rule is, in our opinion, that the policy should be regarded as divisible. It is clear that a breach of warranty of title as to the crop of barley on the twenty-acre field did not affect the risk of the insurer upon the other crops. This differs from a situation where a building and its contents are covered by a fire insurance policy and the risk on the building is greater by reason of want of ownership. If the insured would profit by destruction of the building on land which, for instance, he did not own, this circumstance which increases the risk as to the house would also increase the risk as to its contents. However, as to what might be the effect, if a breach of condition or warranty of title with respect to one or more items of property insured increased the moral hazard or risk as to other properties covered by an insurance policy, we do not determine. See Capps v. National U. F. Ins. Co., 318 Ill. 350, 149 N. E. 247; Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485, 4 L. R. A. (N. S.) 231, 7 Ann. Cas. 1144; Niagara F. Ins. Co. v. Skaggs, 216 Ky. 540, 287 S. W. 971; Phenix Ins. Co. v. Pickel, 119 Ind. 155, 21 N. E. 546, 12 Am. St. Rep. 393; Goorberg v. Western Assurance Co., 150 Cal. 510, 89 P. 130, 10 L. R. A. (N. S.) 876, 119 Am. St. Rep. 246, 11 Ann. Cas. 801.

The fact that a policy provides that "this entire policy" shall be void under certain conditions does not affect the rule that, where the items are separately valued or insured for separate amounts, the contract is divisible. 14 R. C. L. 941, 942; Oatman v. Bankers' Fire Relief Assoc., 66 Or. 388, 133 P. 1183, 134 P. 1033; Hartford Fire Ins. Co. v. Hollis, 64 Fla. 89, 59 So. 785; Donley v. Glens Falls Ins. Co., 184 N. Y. 107, 76 N. E. 914, 915, 6 Ann.

Cas. 81; Traube v. Dwelling House Ins. Co., 121 Mo. 75, 25 S. W. 848, 23 L. R. A. 719, 42 Am. St. Rep. 523; Bills v. Hibernia Ins. Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; Miller v. Delaware Ins. Co., 14 Okl. 81, 75 P. 1121, 65 L. R. A. 173, 2 Ann. Cas. 17. In the case of Donley v. Glens Falls Ins. Co., supra, the court said: "In the Knowles Case [66 Hun, 220, 21 N. Y. S. 50], as in the case before us, the provision was simply that the entire policy should be void in case of a breach, and the recent cases hold that this means the entire policy, so far as it relates to the subject of insurance affected by the breach, because a severable policy is equivalent to as many policies as there are classes of property separately valued. In other words, the breach avoids the entire policy relating to the risk to which the warranty applies."

In the application for hail insurance, which was made a part of the policy, the plaintiff stated that the crops upon which application for insurance was made had not been hailed upon previous to the signing of the application. It was admitted by the plaintiff that there was hail on June 11th, the day prior to the signing of the application. The trial court instructed the jury upon the theory that, although the crops were hailed upon prior to making application, yet, if they were not materially damaged thereby, there was not a breach of warranty or condition preventing the policy from attaching to the risk. This court in the recent case of Rumbolz v. Am. Alliance Ins. Co., 61 S. D. 334, 249 N. W. 316, 317, passing upon the question here presented, said: "Literally the statement of the plaintiff was untrue. But, under the evidence in this case, it cannot be said as a matter of law that such statement regarded as an affirmative warranty was material. For the purpose of determining the materiality of such warranty, it became necessary to determine if the crops were materially damaged, which was an issue of fact for the jury."

The application and policy in that case contained the same statement with respect to hail previous to the signing of the application and also the provision that the entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance. The policy does not declare that a violation of a warranty or other provision of the policy shall avoid it. It was only so far as they were material to the risk that they were

intended to affect the rights of the insured to recover on the policy. The plaintiff was entitled to have the jury determine whether or not the crops were materially damaged.

We have given consideration to defendant's contentions that the court erred in the reception of evidence. These contentions are not sustained by the record.

The judgment and order appealed from are affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, J. (dissenting). Appellant has predicated error herein on the admission over objection of certain evidence. These assignments are not discussed in the opinion, but were thoroughly discussed by the judges in conference. A majority of the judges find no error in the rulings complained of. I believe they were erroneous, and for that reason dissent.