[File No. 6567.]

JOHN H. ISSENDORF, Respondent, v. THE STATE OF NORTH DAKOTA, Doing Business as the State Hail Insurance Department, and Oscar E. Erickson, as Commissioner of Insurance of the State of North Dakota, Appellants.

(283 N. W. 783.)

Opinion filed January 31, 1939.

*Alvin C. Strutz*, Attorney General, *W. J. Austin* and *B. F. Tillotson*, Assistant Attorneys General, for appellants.

*W. H. Adams,* for respondent.

58

MORRIS, J. This is an appeal from a judgment entered against the State Hail Insurance Department for hail insurance on three tracts of land amounting to $594.40. No trial de novo is asked and the specifications predicate no error upon the court's findings of fact. It is claimed that the court erred in its conclusions of law and in entering judgment for the plaintiff. The facts show that about 1 o'clock P. M. June 23, 1937, the plainiff executed three applications addressed to the State Hail Insurance Department for hail insurance covering crops on three tracts of land. The applications were received by the department and duly approved on June 24, 1937, at 9 o'clock A. M. After execution of the applications and before receipt thereof by the department the crops covered thereby "were struck by hail, but only nominally damaged thereby, at 5 o'clock P. M., on June 23d, 1937." On July 22 these same crops were struck by hail and were partially destroyed. On August 4 the plaintiff and the defendants adjusted the damage at the sum of $594.40, which sum the defendants refused to pay.

The defendants claim that the court erred in finding that the State Hail Insurance Department is liable for any loss to the plaintiff's crops under the facts so found. They rely upon the following provision contained in § 2 of chapter 137, N. D. Session Laws 1933. "The insurance provided for in this Act shall not be effective on crops struck by

hail before an application is filed with the Hail Insurance Department."

Section 5 of this Act makes it the duty of assessors to take applications for hail insurance at the time they are listing property for assessment and provides that, "Such application may be taken by the assessor at any time before crops are struck by hail and not later than the fifteenth day of July of the year for which said insurance is desired. Provided, however, that in no case shall insurance take effect before such application is actually received in the office of the Hail Insurance Department." In the defendants' brief it is asserted that "When a crop is struck by hail, it means that hail has fallen in an appreciable amount irrespective of the extent of the damage or loss, if any." Defendants urge that a complete defense has been established by the finding of the court that the crops were struck by hail and were nominally damaged, and that to allow plaintiff's recovery means that the statute must be given a meaning inconsistent with its plain and unambiguous language.

The present system of State Hail Insurance was created by chapter 160, N. D. Session Laws 1919. It provides indemnity for losses sustained from damage to crops by hail. The amount of hail that falls does not enter into the scheme. The amount of indemnity to be paid is measured by the resulting damage regardless of the amount of the hail.

The word strike, of which struck is the past tense, implies force and when used in connection with the action of the elements implies injury or destruction. "To injure or destroy with a lightning stroke; as, the barn was struck by lightning." Webster's New International Dictionary, 2d Ed.

In determining the meaning of the law or the intention of the legislature the object sought to be accomplished by the law should be taken into consideration. People v. Wintermute, 1 Dak. 63, 46 N. W. 694; Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; State ex rel. Scovil v. Moorhouse, 5 N. D. 406, 67 N. W. 140. The spirit or reason of the law will prevail over its letter. State ex rel. Langer v. Kositzky, 38 N. D. 616, 166 N. W. 534, L.R.A.1918D, 237; Power v. Hamilton, 22 N. D. 177, 132 N. W. 664. "It is presumed that the legislature, in enacting a statute, did not intend absurd or unjust con-

sequences, or great public inconvenience." North Fargo v. Fargo, 49 N. D. 597, 192 N. W. 977. The purpose of the State Hail Insurance Law is to insure crops against damage by hail. Since the language in question, if given the construction for which defendants contend, has the effect of destroying the insurability of crops to which it applies, it is reasonable to assume that the legislature did not intend to make noninsurable those crops that had not been damaged at the time of the receipt of the application, and that the words "struck by hail" were intended to mean "damaged by hail." If the legislature had intended to make noninsurable all crops upon which an appreciable amount of hail had fallen without material damage, it would not have used the word struck, which in this statute not only implies force, but also implies a resultant damage.

In the memorandum opinion of the trial court, it is said, "A literal construction of the phrase 'struck by hail' is contended for by the defendants. This seems to be contrary to the express purpose of the Hail Insurance Act. It would remove from the state's field of operation all crops hit by hail, even a few stones, prior to the application. It is opposed to the theory that early hail storms do not damage growing crops. It would leave an uncertainty in the operation of the law so as to make it unsafe for the farmer to rely on State Hail Insurance if the department could at any time absolve itself from liability by showing the fall of a few stones of hail in the early spring, after the crop was up. It would vitiate the express object for which the law was enacted, namely: indemnity against loss on growing crops."

We have been unable to find any cases directly in point. However, in the cases of Rumbolz v. American Alliance Ins. Co. 61 S. D. 334, 249 N. W. 316, and Wieczorek v. Rochester American Ins. Co. 62 S. D. 216, 252 N. W. 639, the supreme court of South Dakota had under consideration the effect of a statement in an application for hail insurance, "That the crops upon which insurance is applied for have not been hailed upon previous to the time of the signing of this application." In those cases it is held that the fact that hail had fallen on the crops and had done no damage, did not vitiate the policy. It was the theory of the court that hail which did no damage was not material to the risk which the insurer assumed by virtue of the policy.

The plaintiff's crops were not rendered uninsurable by the hail which

fell on June 23 in an amount so small that it did no material damage. The defendants accepted and filed the application for insurance and later adjusted the damage resulting from a subsequent storm to be the amount for which the trial court rendered judgment. That judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON and BURR, JJ., and SWENSON, Dist. J., concur.

Mr. Justice SATHRE, being disqualified, did not participate, HON. P. G. SWENSON, Judge of the First Judicial District, sitting in his stead.