DOWD *et al.* *v.* AMERICAN FIRE INS. CO. OF PHILADELPHIA.

(*Supreme Court, General Term, Third Department.*   February, 1888.)

INSURANCE—ACTIONS ON POLICIES—FAILURE TO RETURN PREMIUM.

> The failure of a fire insurance company to return a premium is not a waiver of the right to plead, in an action on the policy, the concealment by plaintiffs of a fact which, if true and thus concealed, would vitiate the policy, as there was no ground for rescinding the contract until the company was informed of such fact, and by the burning of the building, the company not having been so informed, the rights of the parties became fixed, and as the company was attempting to show the policy void as a defense, and was not aggressively seeking to avoid a contract.

Appeal from circuit court.

This action was brought by Mary Dowd and Charles Grady against the American Fire Insurance Company of Philadelphia on a fire insurance policy. There was a condition in the policy that if the property to be insured were a leasehold, etc., or if the building stood on leased ground, it must be so represented to the company, otherwise the insurance as to such property should be void.   The property insured for plaintiffs was destroyed by fire.   Their only title, at the time of the issuing of the policy and at the time of the fire, was a perpetual lease, with rent and the right of re-entry reserved to the lessor. Plaintiffs recovered judgment, which was reversed on former appeal.   41 Hun, 139.   This appeal is brought by plaintiffs from a judgment for defendant at the circuit before the court without a jury.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*Nathaniel C. Moak*, for appellants.   *Alden Chester*, for respondent.

INGALLS, J.   When this cause was here upon a former appeal, the judgment, which was in favor of plaintiffs, was reversed, upon the ground that the building which was insured was situated upon leased ground when the policy was obtained, and when the fire occurred, which rendered the insurance void under the conditions contained in the policy.   *Dowd* v. *Insurance Co.*, 41 Hun, 139.   That decision should now be held conclusive upon that ques-

tion in this court. Upon the recent trial the plaintiffs sought to sustain their cause of action upon two grounds: *First*, that Picket, the agent of the company, when the insurance was effected, and with whom the plaintiffs negotiated for the insurance, was informed, after the policy was issued, but before the fire, that the building was standing upon leased ground; *second*, that the plaintiffs paid to said agent a premium of $7.50, which had not been returned by the company to the plaintiffs, but is retained by it. In regard to the first ground, the court has found as follows: "That neither the defendant nor said Picket had any knowledge, at any time before said fire, that the building described in said policy stood on leased ground." The evidence upon that question is manifestly too conflicting, and the plaintiffs do not show such a preponderance in their favor, as to justify a reversal of such finding. The court, with the witnesses before him, and hearing them testify, possessed an advantage over the appellate tribunal in determining the weight to be given to the testimony of the witnesses, respectively. *Cheney* v. *Railroad Co.*, 16 Hun, 420. In regard to the second ground. Assuming, as we must, under the finding of the court, that neither the defendant, nor the agent, Picket, had any knowledge, previous to the fire, that the building was located upon leased ground, the defendant was chargeable with no omission of duty, in not offering to return the premium, which can have the effect to prejudice its defense; for the reason that, until the company or its agent was informed that the building stood upon leased ground, there existed no reason or motive for a rescission of the contract of insurance by the company. When the fire occurred, the rights of the parties under the policy became fixed, and a return of the premium could not have the effect to change the *status* of either party. Therefore the retention of the small premium should not be regarded a waiver of the defense insisted upon by the defendant. Again, the defendant is not asserting a cause of action against the plaintiffs, or claiming anything of them, but simply defending against the enforcement of a claim under a policy of insurance which the defendant claims to be void in consequence of the concealment by the plaintiffs of a material fact, which was vital to the insurance. The defense insisted upon is asserted as a shield, and not as a sword, and consequently not within the principle declared by a class of decisions, which require the return of whatever has been received by the party who seeks to disaffirm a contract. *Flynn* v. *Insurance Co.*, 78 N. Y. 569; *Harris* v. *Assurance Soc.*, 3 Hun, 725. Considering this case upon the questions which are properly here for review, we discover no substantial reason for a reversal of the judgment, and the same must be affirmed, with costs.