## NORTHERN DEPARTMENT—CENTRAL DIVISION. JANUARY TERM, 1896.

THE UNION PACIFIC RAILWAY COMPANY v. WILLIAM H. SHOOK.

### No. 63.

1. ACTION—*Nature Determined by Pleadings.* Whether an action is *ex contractu* or *ex delicto* is to be determined by the pleadings.

2. CONTRACT—*Breach—Damages Recoverable.* Damages recoverable upon a breach of contract are only those damages which are the direct and proximate result of the wrong complained of.

3. DAMAGES—*Elements—Duty of Court.* It is the duty of the court to define the elements of damages, and of the jury to assess them, and when the court fails so to do, but on the contrary instructs the jury that they may assess such damages as they think just, and take into consideration as elements of damages any items they think proper, such instruction is erroneous.

MEMORANDUM.—Error from Dickinson district court; M. B. NICHOLSON, judge. Action by William H. Shook against The Union Pacific Railway Company to recover damages for breach of contract. Judgment for plaintiff. Defendant brings the case to this court. Modified. The opinion was filed April 1, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

Some time in February, 1891, the defendant in error, accompanied by his son George, who at that time was nearly 13 years of age, started from Baird, Iowa, to go to Abilene, Kan., via Omaha and Lincoln, Neb. At Omaha the defendant in error purchased a ticket from that point to Lincoln for himself, paying therefor

$1.65, but did not purchase one for his son; at the same time, his baggage was checked to Lincoln. At an early hour in the morning he and his son boarded the regular passenger train at Omaha; shortly after the train started the conductor took up his ticket and issued to him the usual conductor's check showing fare paid; he then asked the boy, who was seated beside the defendant in error, for his ticket. The defendant informed the conductor that the boy was his son, traveling with him, and that he (defendant in error) did not have sufficient money to pay the boy's fare, and offered the conductor 50 cents to carry the boy from Omaha to Lincoln; this was refused by the conductor; defendant in error then offered, in addition to the 50 cents, to deposit with the conductor his baggage check as security for the difference between the cash paid and the amount of the fare (the full train fare being $1.90, and half-fare being $1.10), promising to redeem it when he arrived at Lincoln. This the conductor also refused, and informed them that unless the boy's fare was paid he or they would have to get off at South Omaha. After the train left South Omaha, the conductor, finding the boy still upon the train, again demanded his fare, which was refused, and the train being stopped, both parties left the train, the defendant in error leaving first. After they had gotten off, the defendant in error requested the conductor to return him his ticket, which he did, at the same time informing him that as it had been punched and canceled it was void. The defendant in error and his son then walked to Lincoln, a distance of 65 miles, and from that point continued their journey by rail to Abilene, Kan., the time occupied in making the trip being about two and one-half days. Shortly after reaching Abilene, Kan., the defendant in error brought this

action to recover the sum of $2,500 for breach of the contract of carriage. Trial was had to the court and jury, which resulted in a judgment for plaintiff for $285.

Motion for new trial filed and overruled. The railway company brings the case here for review. The opinion was filed April 1, 1896.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

*J. H. Mahan,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : Various errors are assigned by the plaintiff in error, but we need not consider all of them. The determination of the first question presented disposes of this case. Is this an action *ex contractu* or *ex delicto?* This must be determined by the pleadings, and we think the allegations thereof demonstrate it to be *ex contractu.* They clearly show that the plaintiff below intended to and did waive the tort. It is true that there are some expressions used adapted to allegations in an action *ex delicto,* but, taken as a whole, they would not be sufficient to sustain an action of that nature. The plaintiff had an undoubted right to waive the tort, and, having done so, he is bound by his election. This being true, what is the measure of damages ? "Damages recoverable upon breach of contract are only those which are the direct and proximate result of the wrong complained of." (*Walrath v. Whittekind,* 26 Kan. 482.)

Under the pleadings and evidence in this case, the plaintiff could only recover such damages as were the direct and proximate result of the breach of the contract declared upon, and would be the price of the

ticket, $1.65, and the value of the time lost, $6, and the court should so have instructed the jury.

It is the duty of the court to define the elements of damages, and of the jury to assess the amount. This the court failed to do, but on the contrary instructed them that—

"if Mr. Shook was expelled from the train at the time and place, without just cause or reason, when he had a ticket, then, gentlemen of the jury, he is entitled to receive such damages as you think proper and just under the circumstances, by reason of the manner in which he was put off, and what he had to do in order to get to his destination, or the inconvenience and suffering entailed upon him by the wrongful act of the company. If it was wrongful, as an element of damages, you may take into consideration, and assess such damages as you think under the circumstances would be justifiable and right; that is a matter for you to determine under the testimony."

This is erroneous for several reasons. It does not correctly state the rule on the measure of damages. It does not define the elements of the damages, and it made the jury the sole and exclusive judges of the items for which the plaintiff might recover.

Under the special findings in this case, which show the several items of damages claimed and found by the jury, the only judgment which could have been rendered in favor of the plaintiff, at most, is such sum as would cover the value of the ticket and the plaintiff's loss of time.

The judgment of the court below will be modified, and cause remanded, with instructions that the court render judgment for the plaintiff in the sum of $7.65.

All the Judges concurring.