# COURTS OF APPEALS,

## STATE OF KANSAS.

### NORTHERN DEPARTMENT.

#### PRESENT:

HON. JOHN H. MAHAN, PRESIDING JUDGE.
HON. ABIJAH WELLS,　　　　　⎫ ASSOCIATE JUDGES.
HON. SAMUEL W. McELROY,　⎭

THE MISSOURI PACIFIC RAILWAY COMPANY v. ELIZA J. PHELPS, *Executrix of the Last Will and Testament of B. F. Phelps, deceased.*

### No. 627.* (61 Pac. 672.)

1. PLEADING—*Action on Contract—Common Carrier.* A petition which avers that the defendant is a railway corporation and common carrier, with power to make contracts for the transportation of freight; that a car-load of bananas was forwarded to plaintiff from New Orleans, La., to Leavenworth, Kan., over a line of common carriers, among which was the defendant company; that the defendant in its turn received the car at Kansas City, Mo., on a certain day, but, disregarding its contract and duties as a common carrier, neglected and refused to transport and deliver the same with care and prudence; and that it was bound and obligated to carry said car of bananas and exercise due diligence in the same, but in violation of its said contract and of its duties as a common carrier it failed to do and perform its contract, and suffered and permitted the car to remain standing on its tracks in Kansas City, Mo., until the fruit became damaged, etc., states a cause of action arising upon contract.

*Petition for order to certify denied by supreme court July 7, 1900.—REP.

1—10 KAN. APP.

2. EVIDENCE— *Conversation with Deceased Agent.* A conversation had with an agent of a railway or other corporation, otherwise competent, may be proven, notwithstanding the decease of such agent. .

Error from Leavenworth district court; LOUIS A.. MYERS, judge. Opinion filed June 15, 1900. Affirmed.

*Edward D. Osborn,* and *Waggener, Horton & Orr,* for plaintiff in error.

*Atwood & Hooper,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This was an action against the railway company for damages alleged to have been occasioned to a car-load of bananas consigned to plaintiff's assignor, by reason of the failure of the railway company diligently to perform its duties and obligations under its contract as carrier, in not promptly delivering or carrying the car from Kansas City, Mo., to Leavenworth, Kan. The delay occasioned by this failure resulted in the loss of the fruit.

The petition further alleged that upon the arrival of the car at Kansas City, and its delivery to the railway company by another line, the plaintiff's assignor called upon the freight agent of the plaintiff in error at Kansas City, and sought to obtain from him information and a promise that the car should be forwarded that evening to Leavenworth, explaining that the fruit was in danger of being spoiled by delay, and failing to get any assurance thereof, he endeavored to obtain from the agent a transfer of the car to another line of road which would take it up that day, which was refused. It was further alleged that upon the arrival of the car the next evening at Leavenworth the fruit

was found to be what is termed in the banana trade "cooked"; that the consignee refused to receive the goods, and that the agent at Leavenworth, after consulting with the general office at St. Louis by telegram, agreed with the consignee and assignor of the plaintiff that he should take the car of bananas, pay the freight, and sell them to the best advantage on account of the road, and it would make up to him the difference; that he did so, rendered an account thereof to the company, and that the company refused to pay the same.

The answer admitted that the plaintiff in error is a railway corporation and common carrier, and admitted and alleged that the written contract or bill of lading, made at New Orleans, dated June 16, 1890, between Phipps & Co., consignors, and the Illinois Central Railroad Company, was duly executed and delivered; that a freight-car containing bananas was shipped from New Orleans to Leavenworth under the contract, and that the bananas were perishable goods; and denied the other allegations of the petition. It denied the authority of the agent at Leavenworth to make a contract with the consignee respecting the bananas, as alleged in the petition.

The defendant's answer further alleged that after the car of bananas was delivered to it at Kansas City on the afternoon of June 20, 1890, it exercised due diligence in transporting the car to Leavenworth, but, owing to excessive rains washing out part of its track, its regular freight-trains between Kansas City and Atchison were necessarily abandoned and extra freight-trains used locally for a time, and that the car was forwarded to Leavenworth on the first freight-train going in that direction, which was an extra train; and that the transportation of the car, although not ac-

complished within as short a time as usual when nothing interposed to prevent or impede the regular running of trains, was completed within a reasonable time, under the circumstances, and that there was no delay by reason of any fault or negligence on its part.

There was a trial to the court and a jury, which resulted in a verdict and judgment for the plaintiff.

The assignments of error are numerous. The first contention is that the action was one sounding in tort, and was, in fact, an action *ex delicto* and not *ex contractu*, and, therefore, was not assignable; hence the plaintiff could not maintain an action thereon. If the action is, in fact, *ex delicto*, the rule laid down in *K. M. Rly. Co. v. Brehm*, 54 Kan. 751, 39 Pac. 690, applies. It is contended that whether it is or not must be determined by the pleadings, as was announced in *U. P. Rly. Co. v. Shook*, 3 Kan. App. 710, 44 Pac. 685, and *A. T. & S. F. Rld. Co. v. Long*, 5 Kan. App. 644, 47 Pac. 993.

We are of the opinion that, if the allegations of the petition are allowed to govern, it is clearly an action *ex contractu*. Applying the doctrine of the Shook case, *supra*, it undoubtedly is *ex contractu*. It was so treated by the defendant both in its answer and in the progress of the trial.

The next contention is that the evidence did not prove a cause of action. Careful examination and analysis of the evidence lead us to the conclusion that the case in every feature is abundantly sustained by the evidence. The next contention is that incompetent evidence was received. This contention is based upon the assumption that it was not shown preliminarily that the conversations at Kansas City were had with the agent of the Missouri Pacific Railway Company; that it was incumbent upon the

plaintiff to establish the name of the agent and that he was, in fact, an authorized agent of the company. The evidence clearly establishes that the person with whom the conversation was had was and had been in charge of the company's freight business at Kansas City for years. The name was an immaterial matter. The agency was not proved by the acts or declarations of the agent himself. It is further claimed that the agent with whom the conversations occurred had died before the trial took place, and that no conversation between him and the plaintiff's assignor was, therefore, competent. This contention is not sound. The statutory provision invoked is not applicable. .

The next contention is that the evidence disclosed that the delay in the transportation of the car from Kansas City to Leavenworth did not cause the damage. We are of the opinion that the evidence clearly establishes the contrary, and that it was the delay that did cause the damage, and that the company was fully apprised in advance of the effect of such delay. It not only neglected to transport the car from Kansas City to Leavenworth but refused to let it be taken by another road, which was ready and willing to take it.

It is next contended, that the contributory negligence of the Memphis road, by which the car was delivered to the plaintiff in error, barred a recovery by the plaintiff. There is no evidence supporting this contention.

There are other assignments of error formally made which are not mentioned in the argument, and which we assume are abandoned.

The judgment is affirmed.