## WALTZ v. WORKMEN'S SICK AND DEATH BENEFIT FUND OF THE UNITED STATES OF AMERICA.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

**1. INSURANCE (§ 723\*)—LIFE INSURANCE—MISREPRESENTATION.**

The beneficiary of one who falsely represented that he was only 42 years of age when he applied for membership in a fraternal benefit society, when in fact he was 46 years of age, so as to be ineligible to membership, could not recover on the certificate, the constitution providing that the beneficiaries of a member who has fulfilled his obligation and made no false statement on his admission shall receive a death benefit.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.\*]

**2. INSURANCE (§ 723\*)—MUTUAL BENEFIT INSURANCE—FALSE REPRESENTATION.**

All claims of a beneficiary against a fraternal benefit society became void because of misrepresentations by insured that he was 42 years, when he was in fact 46 years, of age, so as to be ineligible to membership; the constitution providing that all claim of the beneficiary against the society shall be void in case of false statements by deceased at his admission.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.\*]

**3. INSURANCE (§ 743\*)—MUTUAL BENEFIT INSURANCE—FALSE REPRESENTATIONS—RECOVERY OF PREMIUMS.**

The beneficiary under a mutual benefit certificate could not recover back the dues paid by insured, upon his failure to recover the amount of the certificate because of misstatements by insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1888; Dec. Dig. § 743.\*]

Appeal from City Court of New York, Trial Term.

Action by Marie Waltz against the Workmen's Sick and Death Benefit Fund of the United States of America. From a judgment for plaintiff (78 Misc. Rep. 499, 139 N. Y. Supp. 1016), and an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Hillquit & Levene, of New York City, for appellant.

Jacob I. Wiener, of New York City, for respondent.

GUY, J. This is an appeal from a judgment in favor of the plaintiff, and against the defendant, for the sum of $352.53. The appellant is a fraternal mutual benefit insurance corporation organized under the laws of the state of New York, and the respondent is the wife of one Waltz, who, plaintiff alleges, was a member, during his lifetime, of the appellant corporation. On the 13th day of September, 1888, at which time Waltz is alleged to have become a member of the ap-

pellant corporation, the constitution and by-laws of said corporation then in force provided:

"Every unblemished workman who has attained the age of 16 years, and has not passed the age of 45, is eligible to membership herein."

The constitution (article 12, section 1) further provided:

"Upon the death of a member who has fulfilled his obligations toward the society, *and has made no false statements on his admission,* the beneficiaries designated by such member," etc., "shall receive a death benefit in the sum of $250."

Section 7 of article 12 of said constitution further provided:

"In case it is shown by the official transcript of death, or other similar weighty proof, that the deceased *has made false statements upon his admission, all claims of the beneficiaries against the society shall be void.*"

The plaintiff was designated by said Waltz as his beneficiary to receive said benefit. In applying for membership, Waltz stated his age to be 42 years; whereas he was in fact 46 years of age, and therefore ineligible for membership under the constitution of the defendant corporation. He remained nominally a member in good standing for 22 years, enjoying during that period certain sick benefits. Upon his death, and the presentation of proof thereof, including a certificate of his birth, his true age was discovered, and the claim of the plaintiff, his widow, was at once rejected.

The defendant appellant contends: First, that the act of the society in admitting Waltz to membership was ultra vires, and therefore void; second, that, Waltz having obtained admission to membership by fraud, a contract of insurance based upon such fraudulently acquired membership must be declared void; third, that by reason of the false statements made as to age no right to death benefit exists under section 1 of article 12 of defendant appellant's constitution; fourth, that under section 7 of article 12, by reason of said false statements, all claims of his beneficiary against the society are void.

[1, 2] There can be no question as to the soundness of defendant appellant's contention that Waltz failed to come within the provision of section 1, article 12, entitling his beneficiary to a death benefit, and that under section 7 of article 12, by reason of the false statements made by him in applying for admission all claims of his beneficiary against the society became void.

[3] The only remaining question is whether the defendant appellant should be compelled to make restitution of the moneys collected by it from Waltz for membership dues during the period of 22 years while he remained nominally a member of the society. It is not necessary to consider here whether the personal representatives of Waltz in a proper action, would be entitled to recover the amount so paid. The plaintiff, however, has advanced no money to the defendant society, and is not entitled to restitution. On the evidence presented, she has no cause of action against the defendant society.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.