JOSEPHINE C. PERRY, as Executrix, etc., of JAMES W. WILSON, Deceased, Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Fourth Department, March 3, 1915.

Insurance — action on life insurance policy — misrepresentations by insured in application — insurer not bound to return premiums received — distinction between actions for rescission and breach of contract.

In an action upon a policy of life insurance, the insurer may set up as a defense the fraudulent misrepresentations in the application of the insured as to his health, without returning or offering to return the premiums received.

There is a plain distinction between a rescission, which proceeds under an avoidance of the contract, and a defense based on its terms, viz., a breach by the insured of his express agreement to state correctly the facts in his application. The one is a case where it is sought to rescind and set aside a contract, the other is a case where the plaintiff's testator has failed to carry out the contract on his part, and where, therefore, no cause of action has ever arisen.

APPEAL by the plaintiff, Josephine C. Perry, as executrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 12th day of March, 1914, rendered at Special Term, reversing a judgment of the City Court of Buffalo in favor of the plaintiff.

*Thomas A. Sullivan,* for the appellant.

*Maulsby Kimball,* for the respondent.

Judgment affirmed, with costs, upon the opinion of BISSELL, J., delivered at Special Term.

All concurred.

The following is the opinion delivered at Special Term:

BISSELL, J.:

The action in the court below was brought to recover on a policy of life insurance in the sum of one thousand dollars issued on the life of James W. Wilson, formerly of Lewistown, Penn. The policy was issued November 11, 1910. The insured

died May 6, 1911. The plaintiff is the administratrix of the insured. The defense is based on alleged misrepresentations contained in the application, relative to the antecedent health of the insured. The learned trial judge found that on the merits the defense was fully established, stating "that the defense interposed and made herein by the defendant would have been complete and would have barred any recovery by the plaintiff herein had the defendant shown that it had offered back to the insured, or to his representatives, the moneys paid by the insured to defendant as premiums, on discovery by it of the facts which would have avoided the policy. No such tender was ever made." Judgment was, therefore, given for the plaintiff on the sole ground that the defendant failed to avoid the policy by offering to return the premiums received from the insured. This I think was error. No obligation rested upon the defendant to place the plaintiff in *statu quo* before the defense, which the trial court found was meritorious, could be interposed. The defendant is not actively seeking relief from the contract as in a case of rescission. In offering to prove misrepresentations it assumed an attitude of simple defense against an unconscionable or unlawful claim, and if it could establish facts sufficient to support such a position it would be inequitable to hold it still liable because of its failure to put the wrongdoer in *statu quo*. This question has been directly passed upon and the rule settled by the Court of Appeals in the case of *Flynn* v. *Equitable Life Ins. Co.* (78 N. Y. 568). In that case the defendant insurance company sought to defend on the ground of misrepresentation or breach of warranty in the application and it was held that it was no answer to a defense of fraud in an action upon a policy of life insurance that defendant has not returned the premiums paid. The court says: "The principle that a party seeking to rescind a contract for fraud must return what he has received, has no application to this case.

"The plaintiffs have brought an action upon a contract entered into between the deceased and the defendant. The defense is that the contract has been violated by the intestate, and hence no action can be maintained upon it. The plaintiffs are seeking to enforce the contract, and performance

on the part of their intestate is a condition of a right to recover. The right to a return of the premiums paid is not necessarily involved in the action. The plaintiffs must establish a cause of action upon the contract, if they fail to do this, they cannot recover, irrespective of the question whether they are entitled to a return of the premiums or not."

The same rule was laid down in the case of *Dowd* v. *American Fire Insurance Company* (1 N. Y. Supp. 31), in which the court held that the failure of a fire insurance company to return a premium is not a waiver of the right to plead, in an action on the policy, the concealment by plaintiffs of a fact which, if true and thus concealed, would vitiate the policy, as there was no ground for rescinding the contract until the company was informed of such fact. The court says: "When the fire occurred, the rights of the parties under the policy became fixed, and a return of the premium could not have the effect to change the status of either party. * * * The defendant is not asserting a cause of action against the plaintiffs, or claiming anything of them, but simply defending against the enforcement of a claim under a policy of insurance which the defendant claims to be void in consequence of the concealment by the plaintiffs of a material fact, which was vital to the insurance."

The trial court seems to have overlooked the plain distinction between a rescission which proceeds under an avoidance of the contract and a defense based on its terms, viz., a breach by the insured of his express agreement to correctly state the facts in his application. The one is a case where it is sought to rescind and set aside a contract, the other is a case where the plaintiff's testator has failed to carry out the contract on his part and where, therefore, no cause of action has ever arisen. This distinction is recognized not only in this State but elsewhere. (*Thompson* v. *Traveler's Ins. Co.*, 11 N. Dak. 274; *Georgia Home Ins. Co.* v. *Rosenfield*, 95 Fed. Rep. 358; *Austin* v. *Mutual Reserve Fund Life Assn.*, 132 id. 555; *Moore* v. *Supreme Assembly of Royal Soc. of Good Fellows*, 42 Tex. Civ. App. 366.)

It is unnecessary to decide here whether a separate action will lie for the return of the premiums paid. As to that we express no opinion. The evidence of the defendant rested

largely upon the testimony of several doctors and a nurse. Several questions propounded to these witnesses which were clearly inadmissible under the provisions of the Code of Civil Procedure* were stricken out by the court below. Apart from these questions thus stricken out, we have found none that were objectionable, nor has our attention been called to any by the plaintiff's attorney. The plaintiff's claim that this testimony was inadmissible *in toto* cannot be sustained. The judgment herein should be reversed. Judgment reversed and new trial granted, with costs to abide the event.

---

*See Code Civ. Proc. §§ 834, 836.— [REP.