MINNIE SEABACK *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY, Appellee.—(CHARLES SULSKI, Admr., Appellant.)

*Opinion filed October 24, 1916.*

1. INSURANCE—*when insured may recover back premiums paid on a policy void ab initio.* If a policy be void *ab initio* or if risk never attaches, and there is no fraud on the part of the insured and the contract is not against law or good morals, the insured may recover back all the premiums he may have paid, either in an action for them, alone, or on a count for money had and received, coupled with a count on the policy in an action for the loss.

2. SAME—*what necessary to constitute waiver of defense to an action on policy.* To constitute a waiver of a defense to an action on a policy that the policy is void *ab initio* it must appear that the insurer expressed an intention to relinquish such defense, or that in its negotiations or transactions with the insured or beneficiary after knowledge of the forfeiture it recognized the continued validity of the policy or did acts in recognition thereof, and the burden of proving waiver of the defense or estoppel to assert it is upon the insured. (*Dickerson* v. *Northwestern Mutual Life Ins. Co.* 200 Ill. 270, criticised.)

3. SAME—*when failure to refund premiums is not a waiver of defense that policy is void ab initio.* Where an insurance policy is void *ab initio* and no risk is assumed the insured will be entitled to recover back the premiums, but the insurer is not obliged to return or offer to return the premiums which have been voluntarily paid before notice that the policy is not in force, as a condition precedent to availing itself of its defense to an action on the policy.

4. SAME—*beneficiary cannot sue for premiums paid by insured.* Where an insurance policy is void *ab initio* and the insured is en-

titled to the premiums paid in, the insured or her administrator should sue to recover the premiums, and not the beneficiary or her administrator.

5. SAME—*when beneficiary cannot claim judgment in Supreme Court for premiums paid by her for the insured.* A beneficiary who has paid, in behalf of the insured, premiums on a policy of insurance subsequently declared void *ab initio,* cannot claim judgment for such premiums in the Supreme Court when no such claim is made in either the circuit court or the Appellate Court.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

BUTTERS & CLARK, for appellant.

DUNCAN & O'CONOR, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Minnie Seaback brought this action of assumpsit in the circuit court of Bureau county against appellee to recover an amount alleged to be due her as beneficiary under the terms of a life insurance policy issued September 12, 1910, by appellee on the life of Lulu Seaback, daughter of Minnie Seaback. The insured died March 23, 1911, and proofs of death were duly furnished to appellee by Minnie Seaback. The declaration declared specially on the policy in one count and also contained the common counts. Appellee filed the general issue and special pleas. No replications were filed, but a stipulation was signed by the parties, in substance, that the plaintiff should be allowed to prove under the declaration any matter that might be necessary to maintain her action, and that appellee should have the right to prove any matter under the general issue necessary to its proper defense, the same as if properly pleaded by it and without the filing of formal special pleas or replications or other pleadings, it being the intention of the parties that said cause may be tried on the merits without further formal plead-

ings. A trial was had before the court without a jury and resulted in a judgment against the appellee in the sum of $251.87. The original plaintiff having died after judgment, her death was suggested and the cause has since been prosecuted in the name of her administrator. On appeal the Appellate Court for the Second District reversed the judgment with a finding of facts. A certificate of importance was granted by that court and an appeal has been perfected to this court.

The policy sued on was an industrial insurance policy, reciting that it contains the entire agreement between the company and the insured and the holder and owner thereof, and it further appears from the arguments of the parties that no written application therefor or representations or statements were made by the insured to appellee at the time it was issued, oral or otherwise. The premiums paid were ten cents per week, amounting to a total sum of $2.80.

The provisions of the policy material to this inquiry are the following: "No obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health. * * * This policy is void if the insured before its date * * * has been attended by a physician for any serious disease or complaint or has had before said date any pulmonary disease or chronic bronchitis. * * * If this policy is or shall become void, all premiums paid shall be forfeited to the company, except as provided under 'Privileges and Concessions to Policyholders.' * * * If the terms of this policy are not satisfactory, or if its conditions are not accepted and agreed to, the policy may be surrendered for cancellation at the office of the superintendent of the district (his address appears on the premium receipt book covering this policy) within two weeks from the date hereof, and if so surrendered within said period the premiums paid hereon will be refunded."

It is alleged in the special count of the declaration, after setting out the policy *in hæc verba,* that all of the terms,

conditions and agreements contained in the policy had been fully performed and complied with by the insured during her lifetime. All of plaintiff's proofs were submitted with the sole view of supporting that count. Minnie Seaback testified, in substance, that all the premiums had been paid by the insured except the last two, which were paid by the witness; that the insured was her daughter, and that she died of pneumonia and not of tuberculosis, and never had been attended by a doctor from the time she was born up to the issuing of the policy. It is said by appellant in his brief. that the only defense interposed by appellee was that the policy never was a binding contract of insurance by reason of an alleged breach of the conditions therein contained. That is true. Its evidence was, in substance, as testified by three physicians, including the family physician of the beneficiary, that the insured was treated for and died of tuberculosis, and that the beneficiary was so informed while the insured was being treated; that the insured was examined in March, 1910, and found to be then suffering from tuberculosis, and that the insured and the beneficiary were then so informed, and that said disease continued up to the death of the insured. Propositions of law were submitted to the court by both parties bearing solely on the issues on the special count of the declaration. The circuit court found the issue of fact for the plaintiff and gave judgment against appellee. There is no evidence in the record indicating an intent on the part of the plaintiff to ask for judgment on the common counts for the premiums paid on the policy.

The Appellate Court found as facts to be incorporated in its judgment, "that the insured, prior to the date of the insurance policy in question, had been attended by a physician for a serious disease and had pulmonary tuberculosis and was not in sound health at the date of the issuance of this policy, and that appellant had no notice or knowledge of the matters of defense above stated until after the death of the insured."

It is not questioned by appellant that this court is bound by the findings of fact by the Appellate Court, but it is urged here by appellant, and was also urged by him in the Appellate Court, as appears from that court's opinion, that although the policy in this case was void *ab initio* because the insured was not in sound health and had tuberculosis when the policy was issued and had been attended by a physician for that disease prior thereto, nevertheless appellee waived the making of such defense by not tendering to the beneficiary the premiums paid on the policy. The basis for this contention is found in the case of *Dickerson* v. *Northwestern Mutual Life Ins. Co.* 200 Ill. 270, in which this court said: "Where the policy is absolutely void from the beginning the company cannot claim the right to forfeit the premiums. In such case no premiums were ever earned, because at no time had the company assumed any risk." That doctrine is abundantly supported by other courts of last resort and apparently by the weight of authority on that subject, with the proper limitations. The law is fully stated in May on Insurance (sec. 567) in this language: "If a policy be void *ab initio* or if risk never attaches, and there is no fraud on the part of the insured, and the contract is not against law or good morals, he may recover back all the premimus he may have paid, either in an action for them, alone, or on a count for money had and received, coupled with a count on the policy in an action for the loss."

So far as this record shows there was no waiver of the right by appellee to make the defense that the policy was void *ab initio*. There is no evidence that appellee ever refused to return to anyone the premiums paid, no proof that anyone ever made demand on it for the premiums, and no proof that the premiums were not re-paid by it. In fact, the only proof touching upon that subject is that appellee was paid the premiums on the policy and got notice for the first time by the proof of death in this case that the deceased had pulmonary consumption or tuberculosis when

the policy was issued, and had had it, and had been treated
for it, several months prior thereto, by a physician. The
most that appellant could claim from the evidence is that
appellee, after receiving that knowledge, remained silent,
paid nothing on the policy or on account of premiums paid,
and has done nothing concerning said loss except to defend
this suit. The burden of proving a waiver or an estoppel
on the part of appellee to make said defense was on appel-
lant, and there is not a particle of proof in this record of
such a waiver or estoppel. To constitute a waiver of such
defense it must at least appear that appellee expressed an
intention to relinquish such defense, or that it in its negoti-
ations or transactions with the insured or beneficiary after
knowledge of the forfeiture, recognized the continued val-
idity of the policy or did acts in recognition thereof. Such
waiver need not necessarily be based upon any new agree-
ment or on estoppel, but there must be proof that there was
a waiver of the defense or that appellee is estopped to make
it. (*In re Millers' and Manufacturers' Ins. Co.* 97 Minn.
98; *Pence* v. *Langdon,* 99 U. S. 578; *Perin* v. *Parker,* 126
Ill. 201.) It was inadvertently said in *Dickerson* v. *North-
western Mutual Life Ins. Co. supra:* "Where the policy
was never a valid one but was void from the beginning, the
company, in order to defend against its enforcement, must
return the premiums and declare the policy void." The
questions involved in that statement were not up for deci-
sion in that case, and it must be regarded as mere *dictum*
and not as an adjudication on those questions.

The only case brought to our notice, and the only one
sustaining the position of appellant, so far as we know, is
the case of *Metropolitan Life Ins. Co.* v. *Moore,* 117 Ky.
651. In *In re Millers' and Manufacturers' Ins. Co. supra,*
it was held that when a policy of insurance never attaches
and no risk is assumed, the insured may recover back the
premiums unless he has been guilty of fraud or the contract
is illegal and he is *in pari delicto,* but that the insurer is

not obliged to return or offer to return the premiums which have been paid voluntarily before notice of the fact that the policy is not in force, as a condition precedent to availing itself of its defense to the action on the policy. The weight of authority and reason support the conclusion of the court in that decision. The insurance company may have a defense on the policy and against the payment of the premiums, too; and it is against reason to hold that an insurance company must pay premiums it may owe one party, however just, in order that it may defend a claim or a suit by another and different party, and where it has done nothing to waive its defense or to estop it to defend against such claim or suit. The insured in this case, if anyone, would have been entitled to the premiums paid by her if the policy had been declared void in her lifetime because of said conditions being broken, and on a declaration of appellee, after her death, that the policy was void for conditions broken, her administrator, and not the beneficiary or her administrator, was the proper party to demand and sue for such premiums not returned. (*Thompson* v. *Travelers' Ins. Co.* 11 N. D. 274.) So far as the record shows, no administrator for the insured had been appointed, and it does not, therefore, appear that there was anyone legally entitled to the premiums paid by the insured to whom appellee could tender or re-pay such premiums. The conditions broken by the insured were valid and binding on her, and that is not denied by appellant, and under the findings of the Appellate Court, which are not challenged by appellant, appellee's defense to the suit on the policy is completely established.

Minnie Seaback was not entitled to a judgment on the common counts for the premiums paid by the insured for reasons already stated in this opinion. She was not entitled to a judgment for the twenty cents paid by herself (1) because it does not appear from the record that the money actually paid by her was her own and not the money of the insured and paid for the insured; and (2) it clearly ap-

pears from the record that no claim for judgment was made for such premiums in either the circuit court or the Appellate Court. Such a claim will not be permitted to be made for the first time in this court.

The judgment of the Appellate Court should therefore be, and it is, affirmed.                    *Judgment affirmed.*