RUMBOLZ, Respondent, v. AMERICAN ALLIANCE INSURANCE CO., Appellant.

(249 N. W. 316.)

(File No. 7216. Opinion filed June 26, 1933.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Morgan & Eastman,* of Mitchell, for Respondent.

ROBERTS, J. This is an action brought against the defendant insurance company to recover for an alleged loss under a policy of hail insurance. The defense to the action is based upon the alleged fact that the policy of insurance was obtained through the willful fraud and misrepresentation of the plaintiff; that he falsely represented to the defendant in an application for such policy that the crops upon which insurance was applied for had not been hailed upon previous to the time of the signing of the application. From a judgment for plaintiff and from an order denying motion for new trial, defendant appeals.

The policy is, in material parts, as follows: "American Alliance Insurance Company, New York, in consideration of the warranties contained in the written application upon which this policy is issued, the stipulations herein named, and the payment of the premium named in the application, does insure against all direct loss or damage by hail to the property described and for the term stated the person or persons named in said application of which the following is a duplicate, to-wit: (copy of application). This policy is made and accepted subject to the above stipulations, agreements and warranties, attached hereto as a descriptive rider, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto. * * *"

The record indicates that a copy of the application made by the plaintiff was attached to the policy. By its terms plaintiff made applicaiton for insurance upon growing crops described therein against direct loss or damage by hail, and the application purports to have been signed at 10 o'clock a. m. June 12, 1929. Material parts of the application are as follows: "I hereby certify and declare as true the following statements * * * that the crops upon which insurance is applied for have not been hailed upon previous to the time of the signing of this application. * * * That this application is made with specific reference to the statements and representations above contained and to the stipulations and conditions printed on the back hereof, a duplicate of which is to be attached to my policy of insurance if issued by the American Alliance Insurance Company, New York, and, in addition to the printed portions of said policy constitutes my contract with said company."

Among the "stipulations and conditions" referred to is the following: "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the crops covered hereunder be not truly stated herein; or in case of any fraud or attempted fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, whether before or after a loss. * * *"

Plaintiff testified: "I suffered some hail loss on the crops on the premises described in the policy after the signing of the application, on the 13th and 19th of June. On the 13th it was about 7 o'clock in the evening. On the 19th it was about 4 o'clock in the afternoon. * * * There was a little hail on the 27th of May, or the latter part of May; there was hail north of me on the 11th of June.` * * * There was an awful storm on the 27th of May and an awful lot of rain. As I said before there were just a few hail stones, but not to do any damage. You couldn't see them any place. I heard just a few hit the house."

The uncontradicted testimony is that J. J. Walters, the local agent of the defendant company, solicited the application. He testified that the applicant said that "if he had hail it didn't do any damage."

The trial court instructed the jury that, although the crops were hailed upon prior to making application, yet, if the crops were not materially damaged by such hail, the insurance contract became effective from and after the time specified in the policy. The appellant contends that the court erroneously construed the statement in the application as a representation and not as a warranty.

"Every express warranty, made at or before the execution of a policy, must be contained in the policy itself, or in another instrument signed by the insured and referred to in the policy, as making a part of it." Section 1425, Rev. Code 1919.

· "A statement in a policy of a matter relating to the person or thing insured, or to the risk, as a fact, is an express warranty thereof." Section 1427, Rev. Code 1919.

"The violation of a material warranty, or other material provisions of a policy, on the part of either party thereto, entitles the other to rescind." Section 1430, Rev. Code 1919.

"A policy may declare that a violation of specified provisions thereof shall avoid it; otherwise the breach of an immaterial provision does not avoid the policy." Section 1431, Rev. Code 1919.

The parties to the contract of insurance by clearly expressed intention have made the statement in question a part of the policy. Under the provisions quoted, no right to avoid or rescind a policy exists from the violation of any provision of the policy whether the provision is technically a warranty or not, unless the provision is material, except where the policy expressly declares that a violation of specified provisions shall avoid it. The policy contains no such express declaration. The clause in the policy providing that the entire policy shall be void, if the insured has concealed or misrepresented any material fact or circumstance concerning the insurance, includes facts affirmatively warranted, but the facts must be material, and the element of materiality has not been excluded by the terms of the policy.

 In an application for hail insurance made for the purpose of informing the insurer of facts pertaining to the crops sought to be insured and to furnish the insurer with information upon which to act in accepting or rejecting the risk, disclosure as to previous and actual damage by hail is material. It is apparent that the defendant company would not have issued the policy if it

had been informed that plaintiff's crops had been materially damaged by hail. Literally the statement of the appellant was untrue. But, under the evidence in this case, it cannot be said as a matter of law that such statement regarded as an affirmative warranty was material. For the purpose of determining the materiality of such warranty, it became necessary to determine if the crops were materially damaged, which was an issue of fact for the jury.

■■ The defendant further contends that the court was in error in admitting evidence to the effect that the insurer did not refund or tender repayment of the premium. The defendant is not seeking relief from the contract as in the case of rescission, but has interposed a defense to an action upon the policy based upon the contention that a breach of warranty or condition where it is broken in its inception prevents the policy from attaching to the risk. Plaintiff relies upon the provisions of section 1435, Rev. Code 1919, which in substance provides for the return of the premium paid if a policy be void ab initio or if risk never attaches and there is no fraud on the part of the insured. This is declaratory of the common law. Grabinski v. U. S. Annuity & Life Ins. Co., 33 S. D. 300, 145 N. W. 553. It does not appear that knowledge of the alleged breach of warranty came to the defendant prior to loss. There is no issue or claim of waiver. A right of action for rescission may depend upon a previous tender, but a defense of breach of condition rendering the contract ineffectual from its beginning does not depend upon a refund or tender of the premium. 14 R. C. L. 1193; Perry v. Met. Life Ins. Co., 168 App. Div. 275, 153 N. Y. S. 459; Woody v. Continental Life Ins. Co., 105 W. Va. 215, 141 S. E. 880; Doerr v. Nat. Fire Ins. Co., 315 Mo. 266, 285 S. W. 961, 54 A. L. R. 1336. The admission of the evidence was not error without prejudice. There was a sharp conflict on the facts, and we cannot say that the jury was not induced by a consideration of the evidence to render a verdict it otherwise would not have rendered. Thompson v. Travelers' Ins. Co., 11 N. D. 274, 91 N. W. 75.

Other errors assigned are not likely to arise on another trial, and they are not considered.

The judgment and order appealed from are reversed.

All the Judges concur.