Michael LaRocca, as Administrator, etc., of Joseph LaRocca, Deceased, Respondent, *v.* John Hancock Mutual Life Insurance Company, Appellant.

Supreme Court, Appellate Term, First Department, April 18, 1940.

*Oeland & Kuhn* [*George W. Riley* of counsel], for the appellant.

*Irwin Isaacs*, for the respondent.

Miller, J. The action was brought by the administrator of the insured for the return of premiums paid by the insured. Defendant when this suit was begun had defeated a prior action of the beneficiary to recover under the policy.

The policy for $1,000 was taken out January 16, 1935, the insured naming his father Michael beneficiary. The insured died twenty-one months subsequent to his application. Before suit by the beneficiary the company elected to rescind and offered to return the premiums paid, on the ground of concealment by the assured, in his answers in the application, that he had pulmonary tuberculosis. In connection with its defense in that action defendant offered to return the paid premiums to the beneficiary and the offers were rejected. The judgment awarded defendant was affirmed by the Appellate Term of the Second Department, and leave to appeal to the Appellate Division was denied.

Notwithstanding the insured's misrepresentations or concealment the insurer having rescinded and offered to return the premiums

paid is required to return such premiums if the policy of insurance is declared void. (*Harris* v. *Equitable Life Assur. Soc.*, 64 N. Y. 196; *Mincho* v. *Bankers' Life Ins. Co.*, 124 App. Div. 578; 129 id. 332.)

The prior action by the beneficiary in which he was defeated did not settle the point that the beneficiary was not entitled to the refund of the premiums. Appellant contends that the fact that there was no judgment in favor of the beneficiary for the return of the premiums in the earlier case disposes of the question. The law is not in accord with this contention. In *Perry* v. *Metropolitan Life Ins. Co.* (168 App. Div. 275) the court, in adopting the opinion below, said that in an action in which the insurance company resists a claim of the beneficiary for the face of the policy, on the ground of misrepresentation, the right to a return of the premiums paid is not necessarily involved. It also held that it was not necessary in such an action for the defendant insurer to offer to return the premiums received from the insured. From this it follows that the question of such return is irrelevant in the disposition of a suit by a beneficiary upon a policy, in which the insurer successfully defends on the ground of misrepresentation. In the *Perry* case (*supra*) the court definitely refused to decide whether a separate action would lie for the return of the premiums paid, saying that it expressed no opinion as to that.

In *Waltz* v. *Workmen's Sick & Death Benefit Fund* (141 N. Y. Supp. 578) this court laid down the rule that a beneficiary suing under a policy and failing to recover on the ground of misrepresentation by the deceased, could not obtain restitution of the moneys paid by the deceased for premiums or membership dues, but refused to decide whether the personal representatives of the deceased in a proper action would be entitled to recover the amount paid. We have no express authority in this State as to whether the personal representatives of a deceased are entitled to a refund of premiums after an action by the beneficiary on the policy had failed. There are, however, a number of cases in other States which definitely consider this proposition.

*Knights of Maccabees of the World* v. *Shield* (156 Ky. 270; 160 S. W. 1043); *American Central Life Insurance Co.* v. *Rosenstein* (46 Ind. App. 537; 92 N. E. 380); *Peterson* v. *N. Y. Life Ins. Co.* (185 Minn. 208; 240 N. W. 659) hold that a tender to the beneficiary upon rescission is proper. On the other hand, *Seaback* v. *Metropolitan Life Ins. Co.* (274 Ill. 516, 522; 113 N. E. 862); *Falberg* v. *Continental Casualty Co.* (195 Ill. App. 237); *McKinney* v. *Metropolitan Life Ins. Co.* (191 id. 592); *State* v. *Trimble* (292 Mo. 371, at p. 384; 239 S. W. 467); *Brotherhood of American*

*Yeomen* v. *Manz* (23 Ariz. 610, 617; 206 P. 403); *Thompson* v. *Travelers Ins. Co.* (11 N. D. 274, 278; 91 N. W. 75), decide that the estate of the deceased alone has a proper claim to the return of such premiums. In the Indiana case cited in favor of the theory of sustaining the beneficiary's right there was a strong dissent, with a statement of principle, which seems to represent the more rational side. The opinion reasoned that a rescission implies a return of the parties to the position of the *status quo*. The contract of insurance is treated as if it never had been made, and in the absence of special circumstances the insured or his representative should be entitled to the repayment of the consideration given.

Appellant urges that the case of *New York Life Ins. Co.* v. *Faillace* (138 Misc. 182; affd., 231 App. Div. 826) compels a different conclusion. Such inference is erroneous. In that case the life insurance company brought an action of rescission against the beneficiary after the death of the insured and prior to the expiration of the two-year incontestability period. The beneficiary attempted to resist the action by contending that plaintiff's remedy was against the estate of the deceased. This contention was overruled. The distinction is obvious. Until there has been an adjudication by the court that the policy is void, any claim under it inures to the beneficiary. After there has been such adjudication adverse to the beneficiary, the right to the return of the premiums belongs to the estate.

Accordingly, the judgment below awarding refund of the premiums to the administrator was right, and should be affirmed with ten dollars costs.

Judgment and orders affirmed, with ten dollars costs.

McCook and Shientag, JJ., concur.